Howekd, J.
In December, 1863, James O’Dowd instituted suit against Cornelius Boyle, and on the 4th February, 1864, obtained judgment against him, which, on appeal, was reversed, and the cause remanded for further proceedings, See 18 A. 303. While the case was pending in this Court on a devolutive appeal, O’Dowd issued execution, seized and advertised a certain lot and improvements thereon in the city of Jefferson, as the property of Boyle, his judgment debtor, and at the sale became the purchaser thereof.
Mrs. Collins brought this suit, opposing said seizure and sale, praying to be declared the owner of said property, by virtue of a purchase by notarial act on 9th January, 1864, before her marriage and prior to the date of O’Dowd’s judgment against Boyle, her vendor, and for damages against these defendants. The defence is, that the alleged sale from Boyle to plaintiff was collusive, fraudulent and simulative, the vendor remaining in possession, and was made to defeat the claim of O’Dowd. Judgment was rendered declaring the sale simulative, and plaintiff appealed.
The act of sale from Boyle to plaintiff, in evidence, is in due form, and properly registered. The parish recorder, before whom it was passed, testifies that the purchaser actually paid to the vendor the stipulated price in cash, and counted by him, except the sum of ten dollars, for which the vendor agreed to wait; that the property was worth about the price stipulated, and that he had no evidence that the sale was a sham. It is proven that the plaintiff had money of her own sufficient to make the purchase. It is also shown that the vendor remained in possession after his sale, that he bid on it at the two sheriff’s sales, and that he was forcibly ejected after the purchase by O’Dowd.
From this state of facts, it is evident that the judgment declaring the sale to plaintiff to be simulated, was erroneous. A price was paid, and although it may be fraudulent there was a real sale, which must be set aside before the property could be subjected to the debts of the vendor. 18 A. 732. This principle is the more applicable, as the creditor in this case is without a judgment against his alleged debtor, whose property he has caused to be seized.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered, adjudged and decreed that the plaintiff, Mrs. Margaret C.ollins, be declared to be the owner of the property described in her petition, without prejudice to the right of defendant, O’Dowd, to attack her act of purchase. Costs in both courts to be paid by defendants.